IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD JAMES BUTLER, II, | ) | |
|     Petitioner, | ) | Civil Action No. 7:19cv00499 |
| | ) | |
| v. | ) | |
| | ) | |
| BRECKON, Warden, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

On July 9, 2019, Petitioner Bernard James Butler II filed a habeas petition pursuant to 28 U.S.C. § 2241, seeking relief pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). ECF No. 1. By order entered March 2, 2020, the court granted Butler's motion to withdraw his habeas petition. ECF No. 12. Butler never received that order.[1] Nearly six months later, the Clerk received from Butler a motion in which he asks the court not to dismiss the case, but to transfer it. ECF No. 14. The court construes his motion as one to withdraw his motion to dismiss, reopen the case, and transfer his § 2241 petition.

In his motion, Butler explains that he asked to dismiss this case because he was instead filing a 28 U.S.C. § 2255 motion in the court of his conviction, the United States District Court for the Northern District of Iowa. According to Butler, he mailed his § 2255 motion to that court in February 2020 and just learned in August 2020 that his § 2255 motion was not received. Days later, he filed his motion with this court asking that

---

[1] The docket reflects that the order granting Butler's motion to voluntarily dismiss, although mailed to the correct address, was returned to the Clerk by the mailroom at USP Lee. ECF No. 13. The box checked is "Refused-No Authorization on File." Id. In any event, Butler seems to believe that the court either did not receive his motion to dismiss his petition or never ruled on it.

the court transfer this case to the Northern District of Iowa so that his Rehaif claim can be addressed in that court.[2]

Although it is unusual to allow a case to be reopened after being closed for months, in this case the court concludes that the interests of justice would be served by that course of action. Had this court, at any point while Butler's § 2241 petition was pending, construed it as a 28 U.S.C. § 2255 motion and transferred it, then his motion would have been filed within one year of the Rehaif decision. As the United States acknowledged in its motion to dismiss, petitioner had until June 21, 2020 to file a § 2255 motion in the Northern District of Iowa raising a Rehaif claim. ECF No. 8 at 3.

If the court denies his request to transfer at this time, however, then any future § 2255 motion Butler files likely will be untimely as to his Rehaif claim. If that occurs, it is likely that Butler's claim will not be addressed on its merits by any court, despite the fact that he promptly raised it in this case the month following Rehaif's issuance.

Accordingly, Butler's motion to withdraw his motion to dismiss, ECF No. 14, will be granted, and the Clerk will be directed to reopen this case. At Butler's request, the court also will construe his § 2241 petition, filed as of July 9, 2019, as a § 2255 motion and transfer it to the Northern District of Iowa.[3]

---

[2] In August 2020, Butler also filed a § 2255 motion in his underlying criminal case, United States v. Butler, No. 1:15-cr-00001-LRR-MAR-1 (N.D. Iowa), but that would be a second-in-time § 2255 to his petition here, once construed as a § 2255.

[3] Normally, before this court could construe a § 2241 motion as a motion brought pursuant to 28 U.S.C. § 2255, it would be required to give the notice required by Castro v. United States, 540 U.S. 375, 383 (2003). In this case, however, Butler essentially has indicated that he wants his petition treated as a § 2255 motion and transferred. Thus, the court concludes that the Castro notice is not required.

2

An appropriate order will issue.

Entered: October 7, 2020

*signature*
Michael F. Urbanski
Chief U.S. District Judge
2020.10.07 17:03:56
-04'00'

Michael F. Urbanski
Chief United States District Judge